UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

Robert Leffler,                )
                               )
        Plaintiff,              )
                               )
   vs.                          )   Case No. 2:04cv00055 JCH
                               )
Gregory Rakestraw,              )
                               )
        Defendant.              )

**ORDER**

Before the Court is Defendants' Motion to Dismiss (Doc. # 10). The matter is fully briefed and ready for decision.

**BACKGROUND**

Plaintiff filed his initial Complaint against Defendants Gregory Rakestraw ("Rakestraw") and Correctional Medical Services ("CMS") on August 20, 2004 ("Initial Complaint") (Doc. 2). On December 1, 2004, the defendants in the Initial Complaint, CMS and Rakestraw filed Defendants' Motion to Dismiss ("Motion to Dismiss") (Doc. 10). Plaintiff filed Plaintiff Leffler's First Amended Complaint (the "Amended Complaint") on February 18, 2005 (Doc. 13). The Amended Complaint lists only Rakestraw as a defendant.

The allegations in the Amended Complaint involve Rakestraw's refusal to prescribe the drug "Interferon" to treat Plaintiff's hepatitis C virus. (Amended Complaint). Specifically, Plaintiff alleges:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> Rakestraw has outright denied Plaintiff any treatment for his [hepatitis C] infection, including his medication his body was successfully tolerating- before narcotic withdrawls [*sic*] occurred. Defendant Rakestraw...has refused to reinstate Plaintiff's "interferon" now that the narcotic withdrawls [*sic*] are overwith [*sic*] and refuses to concede that the negative reaction during the time frame Plaintiff's narcotics were discontinued was culprit of the said adverse reaction and place him back on his "interferon" or, moreover, an alternative medication for his [hepatitis C] which Plaintiff contends is not a mere disagreement but constitutes medical neglect, medical delay, as well as obvious indifference to his serious medical needs.

Amended Complaint, ¶ 8. Plaintiff alleges that this conduct violates his Eighth Amendment and Fourteenth Amendment rights. (Amended Complaint, ¶14 & ¶18).

Defendants contend in their Motion to Dismiss that they are entitled to dismissal of Plaintiff's complaint because (1) Plaintiff has failed to exhaust administrative remedies against CMS, (2) Plaintiff's complaint fails to state a claim against CMS because he has not identified or alleged a CMS policy or custom pertaining to his claims; and (3) the allegations in Plaintiff's complaint and the information contained in the documents indicate that plaintiff merely disagrees with treatment decisions made by a physician, which does not rise to the level of a constitutional violation.

**DISCUSSION**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

As an initial matter, the Amended Complaint removes CMS as a defendant. Therefore, Defendants' arguments in favor of dismissing CMS as a defendant will be denied as moot. The only remaining argument is Rakestraw's argument that Plaintiff fails to state a claim against him. Rakestraw argues that this case should be dismissed because, as a matter of law, prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment. Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir.1994). Rakestraw argues that Plaintiff's pleadings only show that he has requested a specific treatment, Interferon, and that Rakestraw made a medical judgment that Interferon was contraindicated for Plaintiff.

The portion of the Amended Complaint cited above, however, shows that Plaintiff has alleged more than the fact that Rakestraw did not prescribe Interferon as requested by Plaintiff. Plaintiff has alleged that Rakestraw was deliberately indifferent to his medical needs in determining that Interferon was contraindicated in the first place. (Amended Complaint, ¶8). Furthermore, Plaintiff has alleged that Rakestraw has refused to provide "*any* treatment for his [hepatitis C] infection," including Interferon or an "alternate medication" to Interferon. Id. (emphasis added).

The Court thus finds that, under certain circumstances, allegations such as those contained in the Amended Complaint may state a viable cause of action, and so Defendants' Motion to Dismiss on this point must be denied.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. # 10) is hereby DENIED.

Dated this 25th day of May, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com