UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ROBERT L. LEFFLER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 2:04CV55 JCH |
| DR. GREGORY RAKESTRAW, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Dr. Gregory Rakestraw's Motion for Summary Judgment, filed January 13, 2006. (Doc. No. 33). In this action Plaintiff Robert Leffler alleges that Dr. Rakestraw displayed deliberate indifference to a serious medical need, in violation of the Eighth Amendment. For the reasons stated below, the Court grants Defendant's motion.

## BACKGROUND

By way of background, at all times relevant to this Complaint, Plaintiff Robert Leffler was incarcerated within the Missouri Department of Corrections.[1] Leffler was confined at the Northeast Correctional Center ("NECC") after being transferred from Fulton Reception and Correctional Center on May 22, 2003. (Defendant's Statement of Uncontroverted Facts, Doc. No. 1, attached exh. A ("DSUF") ¶ 1). Prior to his incarceration, he was diagnosed with Hepatitis C. (DSUF ¶ 5). Upon his diagnosis, he was placed on a six-month regimen of Interferon and Rebetol. In 1998, he was placed on a one-year regimen of the same drugs. (Amended Complaint, Doc. No. 13 ¶ 7). He alleges

---

[1] He has since been released. (Motion for Summary Judgment, Doc. No. 33 ¶ 1).

that while at NECC, his medications were discontinued and that Defendant refused to resume those or any other medications to treat his Hepatitis C.

While incarcerated at NECC, Leffler was treated for a number of illnesses by a team of physicians and other medical professionals. Dr. Rakestraw is the only one of those doctors who is a defendant in this suit. In March 2003, a physician evaluating Leffler on his arrival at the prison noted his diagnosis and that his records stated that he was not responsive to Interferon. (DSUF ¶ 7; Medical Records, Doc. No. 35, attached exh. E-10). At this time, physicians performed blood tests on Leffler, and a psychiatrist diagnosed him with depression and prescribed him Prozac. (DSUF ¶¶ 9-10). The Prozac was soon discontinued when Leffler experienced tremors and delusions. (DSUF ¶ 11). Leffler was then sent to an independent hospital after he began experiencing hallucinations. (DSUF ¶ 12). Another doctor ordered Leffler's Interferon and Ribavarin stopped, as they could be causing the psychotic conditions. (DSUF ¶ 15; Medical Records, Doc. No. 35, attached exh. E-17).

On June 4, 2003, Dr. Rakestraw evaluated Leffler and noted that his Hepatits C medications had been discontinued because of adverse reactions. (DSUF ¶ 19; Medical Records, Doc. No. 35, attached exh. E-21). The notes from this visit read: "I called and spoke to Dr. Baker and he said the 'illness' the pt had and was hosp. from while in Fulton, everyone agreed was a RX to the Interferon and the rec that he never take Interferon again." (Medical Records, Doc. No. 35, attached exh. E-21). A few days later, Dr. Rakestraw discussed Leffler's concerns about discontinuing the Interferon: "Inmate reports being concerned about his cessation of Interferon treatment for his Hepatitis. His most recent two labs were reviewed for him and the medical director. Dr. Rakestraw, conferred with him, emphasizing the seriousness of the psychological consequence of his earlier reaction and that his liver status would be carefully monitored. Inmate expressed reassurance and indicated he would try

to have his lab records reviewed by a private care source for further confirmation of therapy choices."
(DSUF ¶ 21; Medical Records, Doc. No. 35, attached exh. E-23).

Between March 2003 and May 2004, Leffler was evaluated by Dr. Rakestraw and other physicians at least 73 times. These visits were to monitor his Hepatitis as well as for unrelated medical needs. During this time, Leffler did not complain to the doctors of symptoms from his Hepatitis. (DSUF ¶¶ 7-71). Dr. Rakestraw submits medical research that shows that Interferon is contraindicated for patients with severe depression or other neuropsychiatric syndromes. (Hepatitis C Overview From the National Digestive Diseases Information Clearinghouse, Doc. No. 35, attached exh. E-8, at 9).

Leffler filed his original Complaint in this Court on August 20, 2004. (Doc. No. 1). His Amended Complaint, filed on February 18, 2005, asserts two counts: Count I for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and Count II for violation of his right to due process. (Doc. No. 13). Dr. Rakestraw filed his Motion for Summary Judgment on January 13, 2006. Leffler has not filed a response.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## **DISCUSSION**

In his Motion for Summary Judgment, Dr. Rakestraw first maintain Leffler's claim must be dismissed because he fails to establish an Eighth Amendment claim for deliberate indifference to a serious medical need. The Eighth Circuit has held that "[t]he Eighth Amendment requires prison officials to provide humane conditions of confinement, and [o]ne condition of confinement is the medical attention given to a prisoner." Aswegan v. Henry, 49 F.3d 461, 463-64 (8th Cir. 1995) (internal quotations and citations omitted). "[A] prison official violates the Eighth Amendment by being deliberately indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of serious *future* harm." Id. at 464 (internal quotations and citation omitted) (emphasis in original).

> There is both an objective and subjective component to a claim of deliberate indifference. A plaintiff must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.

Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (internal quotations and citation omitted). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Leffler must prove "that the prison doctors knew of, yet disregarded, an excessive risk to his health" Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)) and "that their unconstitutional actions in fact caused his injuries." Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006). "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

Upon consideration, the Court need not decide whether Leffler's allegations satisfy the objective component of an Eighth Amendment violation, because it is clear from the evidence presented they do not meet the subjective requirements. From the record, Leffler received attentive and thorough care from Dr. Rakestraw. He refused to prescribe Leffler medication which had previously caused dangerous adverse effects, a decision with which other physicians agreed. He kept close watch on Leffler's medical condition, and repeatedly ensured that Leffler understood his condition and treatment. Leffler contends that if Interferon was not available, he should have been provided with another treatment option. However, the medical research provided shows that Interferon is the only treatment available outside of a clinical trial. (Interferon Treatment for Hepatitis B and C, Doc. No. 35, attached exh. E-7, at 3). Dr. Rakestraw's treatment of Leffler was a reasonable exercise of his professional medical judgment.

In Count II, Leffler asserts that his right to due process was violated when Dr. Rakestraw "refused adequate and proper medical care and medication to Plaintiff." (Amended Complaint, Doc. No. 13 ¶ 18). Dr. Rakestraw does not respond directly to Count II, but he does assert that he is entitled to qualified immunity on Leffler's claims.

"Qualified immunity protects a government official from liability in a [section] 1983 claim unless his or her conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known." Pool v. Sebastian County, Arkansas, 418 F.3d 934, 942 (8th Cir. 2005). "[T]o withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated plaintiff's clearly established right." Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996).

Here Leffler fails to show fails to show an issue of fact over whether his constitutional rights were violated, and also over whether Dr. Rakestraw knew that his alleged conduct violated that right. As discussed above, Dr. Rakestraw did not violate Leffler's Eighth Amendment rights. As such, Dr. Rakestraw could not have known that his conduct was violating those rights.

Dr. Rakestraw's Motion for Summary Judgment is granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gregory Rakestraw's Motion for Summary Judgment (Doc. No. 33) is **GRANTED**.

Dated this 3rd day of August, 2006

                                              /s/ Jean C. Hamilton
                                              UNITED STATES DISTRICT JUDGE